[Civ. No. 692.  First Appellate District.—December 20, 1909.]

## MARY O. FORREST, Respondent, v. SOUTHERN PACIFIC COMPANY, a Corporation, Appellant.

Action for Death of Engineer of Work Train—Negligence of Fellow-servant—Brakeman of Same Train on Passenger Train—Amendment of Code.—Notwithstanding the amendment of section 1970 of the Civil Code in 1907, making an exception to the rule of fellow-servants when employed on different trains, an action for the death of an engineer of a work train cannot be sustained, where the death was caused by the negligence of the brakeman of the same train, while temporarily riding on the locomotive of a passenger train, by order of his conductor, to notify all approaching work trains of the position of his train, to prevent collision therewith. His duty, in such case, had no relation to the passenger train, but had a most important relation to the operation of the work train and the safety of its crew.

Id.—Rules of Railway Company—Employment of Brakeman—Position as Flagman of Work Train.—Where the rules of the railway company permitted brakemen of work trains to ride on the locomotives of passenger trains to signal other work trains to prevent collisions, the position of a brakeman, ordered thereon by his conductor, was not that of an employee of the passenger train, within the meaning of the statute, but was that of an employee of the work train of which he was the brakeman and flagman, as much so as though he had been sent out on foot to flag an approaching work train.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Cassin & Lucas, for Appellant.

Carl E. Lindsay, and Benj. K. Knight, for Respondent.

HALL, J.—Plaintiff, as the widow and sole heir at law of James Forrest, brought this action to recover damages for the death of her said husband, caused by the collision of two railroad trains of defendant, upon one of which said James Forrest was employed as the locomotive engineer.

The train upon which decedent was employed was known as train No. 21. The train with which it collided was known as train No. 2089. The collision occurred between Felton station and Big Tree station.

Appellant and respondent agree that the collision and death of Mr. Forrest were the result of the negligence of a brakeman employed by defendant, one Jesse Manning. The point upon which appellant and respondent do not agree is as to whether or not at the time of the accident the said brakeman was employed, within the meaning of section 1970 of the Civil Code, as amended in 1907, upon a railroad train other than that on which Forrest was employed.

The pertinent part of the statute under which it is claimed that defendant is liable for the death of engineer Forrest is, as follows: "An employer is not bound to indemnify his employee for losses suffered by the latter . . . in consequence of the negligence of another person employed by the same employer in the same general business; . . . provided, nevertheless, that the employer shall be liable . . . when such injury results from the wrongful act, neglect or default of a coemployee . . . employed upon a railroad train . . . other than that upon which the employee is injured is employed."

There is no dispute as to the facts in the case, which are as follows: Defendant operates a railroad from Boulder Creek to the city of Santa Cruz. Felton station is between these points, and between Felton station and Santa Cruz is Big Tree station. Between Big Tree station and Santa Cruz is Felton Junction, from which a spur track extends to Old Felton. Shortly before the collision occurred train No. 21, which was a work train, and another work train No. 15, were lying on sidings at Felton station, intending to pass to Felton Junction, but waiting for the regular passenger train from Boulder Creek to Santa Cruz, designated as No. 516, to pass on its way to Santa Cruz, while an extra work train designated as No. 2089 was lying upon the siding at Big Tree.

station, intending to pass to and beyond Felton station, but also waiting for the same train to pass. Trains Nos. 15 and 21 both had the right of way over No. 2089, and it had been agreed between the conductors of trains 15 and 21 that train 15 should precede train 21 to Felton Junction.

Jesse Manning upon the day of the accident was employed as a brakeman on train 21, and had been so employed for eleven days prior thereto. Decedent was the locomotive engineer of the same train. Upon the day of the accident passenger train 516 was upon schedule time, and when it left Felton station on its way toward Santa Cruz a brakeman from train 15, by direction of the conductor of train 15, got upon and went with it to notify all trains that might approach from the direction of Santa Cruz that train 15 would follow train 516. Likewise Jesse Manning, the brakeman of train 21, under instructions from the conductor of said train, got upon and went with train 516 for the purpose of notifying all trains that might approach from the direction of Santa Cruz that train 21 would follow train 15. It was the duty of brakemen to act as flagmen, and to notify approaching trains of the presence and movements of their respective trains.

According to the rules and practice of defendant it was allowable and proper for such brakemen to ride upon the locomotives of passenger trains to their objective points in the discharge of such duty.

The brakeman of train 15 properly performed his duty, and as the passenger train 516 passed Big Tree station notified train 2089 that train 15 would shortly follow train 516; but Jesse Manning, the brakeman of train 21, engaged in a conversation with a lady on the passenger train, and wholly failed to notify train 2089 of the intended movement of train 21, but passed on to a point beyond Felton Junction. The result was that after train 15 had passed Big Tree station train 2089 started toward Felton station, and shortly collided with train 21, which was following train 15 toward Felton Junction. It was in this collision that Mr. Forrest, the engineer of train 21, was killed.

Although it is not disputed that Manning was employed as a brakeman and flagman of train 21, it is contended by respondent that at the time of the accident he was not employed

on such train within the meaning of the statute, but was employed on the passenger train within the meaning of the statute by reason of the fact that he was riding on such passenger train for the purpose of discharging a duty that he owed to train 21 and the crew thereof, of which he was clearly a member.

He was a member of the crew of train 21, and the duty that he failed to perform was a duty that was imposed upon him because he was a brakeman upon such train and a member of its crew. The duty he failed to perform had no relation to the operation of the passenger train, upon which he was riding simply as a matter of convenience, but did have a most important relation to the operation of train 21 and the safety of its crew.

Before the amendment to section 1970 of the Civil Code of 1907 it would not be contended that the brakeman of a given train was not a fellow-employee with the locomotive engineer of the same train. While Manning was riding upon the passenger train, he was not employed thereon within the meaning of the statute. He was still employed on the train of which he was the brakeman and flagman. He was then acting under the directions of the conductor of train 21. His mission, while riding on the passenger train, was because of his employment on and in the operation of train 21. He was just as much employed on train 21 as though he had been sent off on foot to flag against an expected approaching train.

The cases cited from Texas, decided under the Texas statute, are not in point.

Under the undisputed facts of this case the brakeman whose negligence caused the death of Mr. Forrest was not employed upon a train other than the one upon which decedent was employed.

For this reason the verdict is not supported by the evidence, and the judgment and order must be reversed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.